Lorraine I. Dippel v. Commissioner.
Dippel v. Commissioner
Docket No. 42345.
United States Tax Court
T.C. Memo 1955-72; 1955 Tax Ct. Memo LEXIS 266; 14 T.C.M. (CCH) 232; T.C.M. (RIA) 55072; March 29, 1955
*266 William B. Randall, Esq., for the petitioner. George E. Van Roekel, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined deficiencies in income tax against the petitioner for the calendar years 1948 and 1949 in the respective amounts of $141.15 and $154.90. The question presented is whether petitioner, a resident of Minnesota and separated from her husband prior to his going to California, is taxable on one-half of the income earned by her husband in California during the taxable years. Findings of Fact Petitioner is an individual and a resident of Burkhardt, Wisconsin. During 1948 and 1949 she lived in St. Paul, Minnesota, and filed her income tax returns for those years with the collector of internal revenue for the district of Minnesota. Petitioner was born in North St. Paul. She and John E. Dippel were married in St. Paul on March 30, 1940. They were husband and wife until petitioner obtained an uncontested divorce there on March 12, 1951. During 1942, about the time their second child was born, petitioner and her husband separated and went to live with their respective parents. They had a mutual *267 understanding with respect to their separation, but had made no definite arrangements, other than that of each taking care of the children at different periods. Petitioner worked during all of her married life, and following the separation lived at different places after originally living with her parents; later she again went to live with them. Prior to 1947 the children lived with petitioner, except when they were with their father and his parents. At some time prior to 1948, Dippel brought the children to the home of petitioner's parents, where petitioner was then residing, and left them with petitioner's sister. He told the sister that he was leaving for California with his brother. Dippel had never talked with petitioner about going to Calif. ornia, and left without making any arrangements with respect to petitioner or the children. At that time, there was no available room for the children with petitioner at her parents' home, where she was residing, and she placed them in the Vasa Children's Home, at Red Wing, Minnesota, which is located approximately fifty miles from St. Paul. The children lived at the Vasa Home from early January 1947, until the middle of July 1950. Petitioner *268 had them with her on numerous weekends, going for and returning them herself. During the period the children lived there, the Vasa Home received from petitioner varying sums of money for their support. The first payment was made on January 11, 1947, in the amount of $30, and the last payment was made on July 18, 1950, in the amount of $100. The aggregate amounts paid by petitioner during the period the children lived at the Vasa Home were: 1947, $390; 1948, $561; 1949, $521; 1950, $312. During the taxable years 1948 and 1949, petitioner received from her husband the respective amounts of $590 and $805. The money was sent in varying amounts at irregular periods of time, and was considered by petitioner as support for the two children. For the taxable years 1948 and 1949 petitioner filed Employee's Optional Returns, Form 1040A, which permits the collector of internal revenue to compute the amount of the tax due. On these returns she claimed exemptions for both children. In answer to the questions on the returns, she stated that her husband was making a separate return, and gave his name. The 1948 return requested the name of the collector's office to which the husband's return was *269 being sent, and petitioner answered that it was "California - (San Francisco)." The 1949 return requested no such information. The only income reported by petitioner on her returns was the salary she received from the Rotary Press Company, of St. Paul, which amounted to $2,035.31 in 1948, and $2,299.64 in 1949. The tax withheld was $31.80 and $48.30, respectively. For each of the years the tax on the income reported was computed by the collector and as computed, was $6 for 1948 and $43 for 1949. The excess of the amount withheld over the amount so computed was in each instance refunded to petitioner. John Dippel filed an Employee's Optional Return, Form 1040A, for 1949. It appears to have been prepared on a typewriter, but with the name "& Lorraine" written in after Dippel's name. The return showed that Dippel lived in San Francisco, was employed by A. J. Glesener Co., Inc., of San Francisco, that his wages were $3,305.52, on which $194.20 in income tax had been withheld, that his two children were dependents, and that he had filed a return for 1948 at San Francisco. In answer to the question, "If married, does this return include all income and exemptions of both you and your wife *270 (or husband)?", he checked "Yes." To the question, "Is your wife * * * making a separate return for 1949?", he answered "No." Two signatures appear on the return, "John E. Dippel" and "Lorraine Dippel," each as of the date "3/9/50." The tax on the income reported was computed by the collector, and as computed, was $98. The amount withheld was shown as $194.20 and $96.20 was indicated as the amount to be refunded. Petitioner did not sign the return. In October 1950, petitioner was informed by the Bureau of Internal Revenue that John Dippel had filed a joint return for 1949, in California. Until then, she had no knowledge of the amount of income her husband had earned and she learned for the first time that there was such a law as community property law. In the statement attached to the notice of deficiency sent to petitioner, respondent gave the following explanation of the adjustment made to petitioner's income for 1948: "(a) On your return you reported income received by you while employed in the state of Minnesota, but failed to include your share of the community property income earned in the state of California by your husband, John E. Dippel. On the basis of available information *271 it is determined that your share of the community property income from the state of California is $1,599.12, and, therefore, the income reported by you on your return is increased in a like amount. Credit is also allowed for your portion of the tax withheld in the amount of $95.85 from income earned in the state of California." In computing the deficiency for 1948, respondent allowed a total credit for tax withheld from wages in the amount of $127.65, less $25.80 petitioner had received as a refund. The statement reveals a similar explanation of the adjustment respondent made to petitioner's income for 1949, except that the amount of the adjustment was $1,652.76, and the credit allowed for petitioner's portion of the tax withheld from income earned in California was $97.10. In computing the deficiency for 1949, respondent allowed a total credit for tax withheld from wages in the amount of $145.40, less $5.30 petitioner had received as a refund. He also allowed petitioner three exemptions for each year. Opinion It is well settled that, in the absence of an agreement to the contrary, the earnings of a husband domiciled in California are community income, that one-half of such *272 community income belongs to each spouse, that the husband and wife, though living apart, not legally separated, are taxable on their respective shares of the community income, and that is true even though the wife is not living in California, or may never have lived there. ; ; , affd., ; ; , affd., ; , affd., . See also , affd., . The petitioner contends that John Dippel was not domiciled in California in 1948 and 1949, but the contention is supported only by her assertion to that effect. The respondent's determination is to the contrary, and the law and the evidence being as they are, the determination of the respondent must be sustained. Decision will be entered for the respondent.